IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZESTY PAWS LLC,<br><br>　　　　Plaintiff/Counterclaim Defendant,<br><br>　　v.<br><br>NUTRAMAX LABORATORIES, INC. and NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC.,<br><br>　　　　Defendants/Counterclaim Plaintiffs. | Civil Action No. 1:23-cv-10849-LGS<br><br>**JURY TRIAL DEMANDED** |

## ORDER ON NUTRAMAX'S
## MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. (both, collectively, "Nutramax") have moved this Court for a temporary restraining order (the "Motion") enjoining Zesty Paws LLC ("Zesty Paws") from making the claim that its ZESTY PAWS® brand pet supplements are the #1 selling brand of pet supplements in the United States (the "#1 Claims") in Costco warehouse store locations. The Court has now read and considered Nutramax's Motion and Zesty Paws' Opposition thereto, carefully reviewed the evidence before it, and held a hearing on the Motion. Upon due consideration, the Court hereby GRANTS in part Nutramax's Motion for Temporary Restraining Order against Zesty Paws.

　The Court makes the following findings of fact and conclusions of law:

1.　This Court has subject matter jurisdiction over Nutramax's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1337 because this action arises under the Federal Lanham Act, 15 U.S.C. §§ 1051, *et seq.*

1

2. This Court has supplemental jurisdiction over Nutramax's related state law claims pursuant to 28 U.S.C. § 1367. This Court also has jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy exceeds $75,000.

3. Zesty Paws is subject to personal jurisdiction in this Court because it has filed an action for declaratory judgment against Nutramax in this Court.

4. Nutramax is likely to prevail on the merits of its claims for false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), New York General Business Law §§ 349 and § 350-a, and New York common law based on the Court's preliminary findings as follows:

   a. NUTRAMAX is a brand of pet supplements;

   b. Zesty Paws' #1 Claims are literally false because Nutramax's sales of its NUTRAMAX brand of pet supplements exceed the sales of ZESTY PAWS brand products;

   c. Zesty Paws' #1 Claims are misleading because they compare the entire line of ZESTY PAWS brand products to individual single products sold under the NUTRAMAX brand, and they consider only retail sales and exclude veterinary sales;

   d. Zesty Paws' "footnote" (which discloses the exclusion of veterinary sales) on the #1 Claim at Costco stores is insufficient to remedy the misleading nature of the claim because the disclaimer is not physically visible, is confusing and unclear;

   e. Nutramax is entitled to a presumption that the #1 Claims are material because they are literally false;

  f. Zesty Paws' #1 Claims were placed in interstate commerce because they are made at Costco stores in multiple states; and

  g. Without injunctive relief, Nutramax is likely to suffer injury to its reputation and goodwill, as well as lost profits, as a result of the #1 Claims.

5. Nutramax is entitled to a statutory presumption of irreparable harm pursuant to 15 U.S.C. § 1116(a) because it is likely to succeed on the merits of its claims.

6. Even without a presumption of irreparable harm, the #1 Claims likely damage Nutramax's goodwill and reputation and shift consumer perceptions in a way that is harmful to Nutramax and that cannot be remedied with a monetary award.

7. The balance of equities weighs in Nutramax's favor because, without injunctive relief, Nutramax will likely suffer substantial injury, including loss of sales and irreparable damage to its goodwill and reputation. In comparison, the only harm to Zesty Paws would be the inability to make the #1 Claims in Costco stores beyond the twenty Costco stores in which Zesty Paws' products are currently sold (the "Current Costco Stores"). *See* Declaration of Yvethe Tyszka, Dkt. 55 ¶ 15. The potential harm to Nutramax outweighs the potential harm to Zesty Paws.

8. The public interest will be served by this Order, as the #1 Claims have a direct negative impact on the public.

## TEMPORARY RESTRAINING ORDER

9. Zesty Paws and its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order, are hereby ENJOINED and RESTRAINED until further order from this Court from making and distributing the #1 Claims in any form whatsoever in Costco stores other than the Current Costco Stores.

3

10. Nutramax shall post a bond in the amount of $25,000 within fourteen (14) days of this Order.

11. This Order shall remain in full force and effect until a decision is rendered on Nutramax's pending Motion for Preliminary Injunction (Dkt. 10) or further order of this Court.

12. Zesty Paws shall give written notice by email and by FedEx to counsel for Nutramax at least eight (8) business days in advance of Zesty Paws' intended use of the #1 Claims in any other brick-and-mortar store in addition to the Current Costco Stores.

13. The parties may jointly propose any modification to this Order, but only to the extent that they all agree.

The Clerk of Court is respectfully directed to close the motion at Dkt. 47.

Dated: January 19, 2024
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**