# ALSTON & BIRD

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel: 404-881-7000 | Fax: 404-881-7777

Jason D. Rosenberg                Direct Dial: 404-881-7461                Email: Jason.rosenberg@alston.com

**Application GRANTED.** To the extent financial sales information is discussed at the preliminary injunction hearing on April 16, 2024, verbal discussions shall refrain from stating specific numbers. Any documents containing those numbers shall be displayed only to the Court, the attorneys and the witnesses at issue.

Dated: April 11, 2024
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Re:   *Zesty Paws LLC v. Nutramax Laboratories, Inc. et. al* (Case No. 1:23-cv-10849): Request Regarding Treatment of Financial Data at Preliminary Injunction Hearing

Dear Judge Schofield:

Pursuant to Section I(D)(3) of this Court's Individual Rules and Procedures for Civil Cases, Defendant/Counterclaim Plaintiffs/Third-Party Complaint Plaintiffs Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. (collectively, "Nutramax"), Plaintiff/Counterclaim Defendant Zesty Paws LLC ("Zesty Paws"), and Third-Party Complaint Defendant Health and Happiness (H&H) US International Incorporated ("H&H"; with Zesty Paws, the "ZP Parties") respectfully submit this letter motion regarding the treatment of the parties' highly confidential financial information at the April 16, 2024 preliminary injunction hearing. After discussion of this issue at the pre-hearing conference on April 5, 2024, the parties propose, to the extent reference is made to this financial information at the hearing, that those references not disclose specific numbers, and any documents containing those numbers be kept from the view of the public.

## I.   Legal Standard

Although there is a common law presumption favoring public access to court records and proceedings, that right of access is not absolute – courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597-99 (1978). "Documentary Exhibits and trial testimony are also strongly presumed to be public since they are a direct part of the process of adjudication." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998).

The issue presented here is the treatment of the parties' financial sales information in an open court proceeding. In the Second Circuit, "There are four steps that a district court must follow in deciding a motion for closure." *United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995). These are:

April 10, 2024
Page 2

1. "determine . . . if there is a substantial probability of prejudice to a compelling interest of the defendant, government, or a third party . . .";

2. "consider whether reasonable alternatives to closure cannot adequately protect the compelling interest that would be prejudiced by public access . . .";

3. "determine whether, under the circumstances of the case, the prejudice to the compelling interest overrides the qualified First Amendment right of access . . .";

4. "devise a closure order that . . . is narrowly tailored to that purpose."

*Id.* (internal citations omitted).

## II.     Proposal Regarding Financial Information

The March 11, 2024 Declaration of W. Craig Jones and the March 15, 2024 Declaration of Pradeep Ooralath, as well as the exhibits attached to both declarations, discuss the parties' financial sales information. These declarations were filed under seal with the Court, and the exhibits thereto were produced as HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY under the Joint Protective Order in this matter (Dkt. 80). Any testimony of Mr. Jones and Mr. Ooralath, as well as any reference to their declarations, could potentially include reference to specific numbers that the parties do not publicly disclose. However, the issues to which these numbers pertain at the Preliminary Injunction hearing do not turn on the specific numbers themselves; instead, it is these numbers' relative positions to each other that matter. In other words, which numbers are bigger matters, but not what those numbers are.

The parties' financial sales information is the type of sensitive business information that courts routinely seal. *See, e.g.*, *United States v. Silver*, No. 15-CR-93(VEC), 2016 U.S. Dist. LEXIS 51057, *15 (N.D.N.Y. Feb. 23, 2016) ("Financial records of a wholly owned business . . . and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public."); *Playtex Prods., LLC v. Muchkin, Inc.*, No. 14-cv-1308 (RJS), 2016 U.S. Dist. LEXIS 42261, at *40 (S.D.N.Y. Mar. 29, 2016) (holding that competitively harmful information related to "sales and revenue" should be sealed); *Encyclopedia Brown*, 26 F. Supp. 2d at 612-14 (finding that confidential business information should be sealed because it "provide[s] valuable insights into a company's current business practice"). Additionally, both Nutramax and Zesty Paws[1] are privately held companies, and therefore the weight given to their interest in the confidentiality of their sales and revenue figures is heightened. *See, e.g.*, *Kafati v. Kafati*, No. 22-CV-9906 (VSB), 2022 U.S. Dist. LEXIS 224497, at *4 (S.D.N.Y. Dec. 9, 2022) ("Limited sealing is also appropriate for confidential business information related to a privately held Company."); *Broidy v. Global Risk Advisors LLC*, No. 19-cv-11861 (MKV) (JW), 2023 U.S. Dist. LEXIS 151536, at *11 (S.D.N.Y. Aug. 24, 2023) (noting that additional weight is given to the interests of a private company seeking to protect its confidential business information from public disclosure);

---

[1] H&H is a publicly traded company on the Stock Exchange of Hong Kong. H&H therefore does publicly disclose some financial numbers in its annual and interim reports. However, the Zesty Paws numbers discussed in the Declaration of Pradeep Ooralath and the exhibits thereto are not publicly disclosed.

April 10, 2024
Page 3

*United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Financial records of a wholly owned business . . . will weigh more heavily against access than conduct affecting a substantial portion of the public.").

  The compelling interest the parties' have in keeping the financial sales figures at issue from public view outweighs, at least at this hearing, the public's qualified First Amendment right of access. These are not documents that have historically been "open to the press and general public," and because only the parties' relative sales positions to each other will impact the Preliminary Injunction hearing, the specific numbers themselves are not "a necessary corollary of the capacity to attend the relevant proceedings." *Silver*, 2016 U.S. Dist. LEXIS 51057 at *9.

  As discussed at the April 5, 2024 pre-hearing conference, there are reasonable alternatives to closure of the Preliminary Injunction hearing, or even portions thereof. The parties are both agreeable to the Court's proposal at that conference and respectfully request an order that, to the extent financial sales information is discussed at the hearing, such verbal discussions refrain from stating specific numbers and simply reference exhibits visible to the Court, the attorneys, and the witnesses at issue—but not to the public. Such an order would be narrowly tailored to balance the interests of the parties and the public.

  Finally, the parties have also exchanged a number of other documents that have been marked "Highly Confidential Information - Outside Attorneys' Eyes Only," some of which may be designated by the parties as exhibits for the hearing. The relief requested in this motion is without prejudice to the parties' ability to raise objections to such exhibits through the process detailed at Section I.A.5(j) of the Court's Individual Trial Rules and Procedures and any joint letters pursuant to the Court's March 26, 2024 Order (Dkt. 106).

  The parties are available to discuss these issues further with the Court as necessary.

Sincerely,

| | |
|---|---|
| */s/ Jason D. Rosenberg* | */s/ Richard A. Edlin* |
| Jason D. Rosenberg | Richard A. Edlin |
| jason.rosenberg@alston.com | edlinr@gtlaw.com |
| *Counsel for Nutramax* | *Counsel for the ZP Parties* |