UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
ZESTY PAWS LLC,
                               Plaintiff,

-against-                                       23 Civ. 10849 (LGS)

                                                      <u>ORDER</u>
NUTRAMAX LABORATORIES, INC., et al.,
                              Defendants.
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Plaintiff and Defendants respectively have filed motions to seal documents filed in connection with Defendants' motion for a preliminary injunction (the "PI Motion");

      WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.[1] The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the presumption against competing considerations, a court must consider the "qualified First

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Examples of "higher values" include protecting the attorney-client privilege, *see Lugosch*, 435 F.3d at 125, the privacy of innocent third parties, *see United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995), and the confidentiality of sensitive commercial information, *see Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021).

WHEREAS, all of the documents at issue here are judicial documents pertaining to Defendants' PI Motion. They are: (1) Plaintiff's memorandum of law in opposition (the "Opposition") at Dkt. 28, (2) the declarations of Richard A. Edlin in opposition (the "Edlin Declarations") at Dkts. 30 and 31, (3) the declaration of Yvethe Tyszka in opposition (the "Tyszka Declaration") at Dkt. 35, (4) Defendants' reply memorandum of law in support (the "Reply") at Dkt. 52, (5) the supplemental declaration of Craig Jones in support (the "Supplemental Jones Declaration") at Dkt. 92, (6) the declaration of Pradeep Ooralath in opposition (the "Ooralath Declaration") at Dkt. 94, (7) the declaration of Jean-Pierre H. Dubé in opposition (the "Dubé Declaration") at Dkt. 104, (8) the parties' joint letter regarding objections to exhibits and demonstrative aids in connection with the April 16, 2024, preliminary injunction hearing at Dkt. 115 (the "Joint Exhibits Objections Letter") and (9) Plaintiff's post-hearing brief at Dkt. 129. These documents are "relevant to the performance of the judicial function and useful in the judicial process." *See Lugosch*, 435 F.3d at 119. Documents submitted in

connection with the PI Motion are documents that "directly affect an adjudication," s*ee id.*, and should thus "generally be subject to public scrutiny," *see Pers. Staffing Grp., LLC v. XL Ins. Am., Inc.*, No. 22 Civ. 10259, 2023 WL 4304688, at *2 (S.D.N.Y. June 30, 2023).

WHEREAS, "a strong presumption of access attaches" because these are documents "used to determine litigants' substantive legal rights." *See Lugosch*, 435 F.3d at 121.

WHEREAS, one consideration that may rebut the presumption of public access is the confidentiality of sensitive commercial information. *See Syntel*, 2021 WL 1541385, at *3. With the exceptions described below, the parties have not sufficiently explained why the information sought to be sealed or redacted is commercially sensitive. "Vague and unspecified business concerns, like confidential and related business interactions that could be used by corporate competitors in a detrimental manner, are broad, general, and conclusory allegations . . . insufficient to justify sealing." *Id.* at *2. The presumption of public access is rebuttable only with "specific, on the record findings . . . that closure is essential to preserve higher values." *Lugosch*, 435 F.3d at 120. The parties have not offered a sufficient factual basis to make these findings;

WHEREAS, the parties seek to seal information from third-party Nielsen Consumer, LLC ("Nielsen") as commercially sensitive. However, Nielsen was given an opportunity to assert the confidentiality of its information and did not do so. Consequently, the information need not be sealed;

WHEREAS, where the parties seek to redact information about the parties' business strategies that was not referenced in the preliminary injunction opinion or at the preliminary injunction hearing, the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to these filings. However, to the

extent the parties request to seal entire documents, the parties' justifications are insufficient. For example, Plaintiff seeks to file the entire Dubé Declaration and accompanying exhibit under seal, but at least paragraphs 1-8, 11-12 and the signature lines of the declaration disclose only information about the declarant and background of the declaration. In addition, Dubé's review of Nutramax's packaging (e.g., as summarized in paragraph 10(c) of the Dubé Declaration) and the screenshots of online advertising and product packaging in the expert report do not appear to contain any confidential information. Similar reasoning applies to Defendants' motion to seal the Joint Exhibits Objections Letter and Plaintiff's motion to redact its post-hearing memorandum of law;

WHEREAS, the settlement agreement between Plaintiff and Defendants in a prior action, played little, if any, role in the adjudication of the PI Motion. The right of public access is outweighed by the parties' interest in protecting the non-public information contained in this agreement. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) ("Where a document's role in the performance of Article III duties is negligible . . . , the weight of the presumption is low."); *Seoul Viosys Co. v. P3 Int'l Corp.*, No. 16 Civ. 6276, 2018 WL 4759744, at *13 (S.D.N.Y. Sept. 30, 2018) (approving redactions of details of prior confidential settlement agreements "that could harm [p]laintiff's competitive standing").

WHEREAS, the parties' proposed redactions of non-public financial information, such as each party's revenue and sales figures, are narrowly tailored to protect against competitive harm. This potential harm outweighs the presumption of access accorded to these filings. However, to the extent the parties request to seal entire documents, the parties' justifications are insufficient. For example, Defendants have not explained why the entire Supplemental Jones Declaration should be filed under seal. Similarly, Plaintiff has not explained why the entire Ooralath

Declaration should be filed under seal. It is hereby

**ORDERED** that Plaintiff's motion at Dkt. 26 to (1) redact the Opposition at Dkt. 28 is **DENIED**, (2) seal the Tyszka Declaration at Dkt. 35 is **DENIED** and (3) seal the prior settlement agreement appended to the Edlin Declaration at Dkt. 31 is **GRANTED**. The Edlin Declaration at Dkt. 30 shall be unsealed. It is further

**ORDERED** that Defendants' motion at Dkt. 51 to redact the Reply at Dkt. 52 is **DENIED**. It is further

**ORDERED** that Defendants' motion at Dkt. 91 to seal the Supplemental Jones Declaration at Dkt. 92 is **DENIED**. Non-public financial results may be redacted, but background descriptions of the declarant and data (such as paragraphs 1-8, 13, 22 and the signature lines) shall not be redacted. It is further

**ORDERED** that Plaintiff's motion at Dkt. 93 to seal the Ooralath Declaration at Dkt. 94 is **DENIED**. Non-public financial results may be redacted, but background descriptions of the declarant and data (such as paragraphs 1-8, 13 and the signature lines) shall not be redacted. It is further

**ORDERED** that Plaintiff's motion at Dkt. 103 to seal the Dubé Declaration at Dkt. 104 is **DENIED**. Non-public strategic plans may be redacted, but background descriptions of the declarant and declaration (such as paragraphs 1-8, 11-12 and the signature lines of the declaration), Dubé's review of Nutramax's packaging and screenshots of online advertising and product packaging shall not be redacted. It is further

**ORDERED** that Defendants' motion at Dkt. 114 to seal the Joint Exhibits Objections Letter at Dkt. 115 is **DENIED**. It is further

**ORDERED** that Plaintiff's motion at Dkt. 125 to redact its post-hearing brief at Dkt. 129

is **DENIED**.  It is further

      **ORDERED** that all documents currently filed under seal shall remain under seal at this time.  All denials in this Order are denials without prejudice to renewal.  By **July 8, 2024**, the parties shall either (1) file renewed motions to redact or (2) file on the public docket unredacted versions of the remaining documents at issue in accordance with the rulings described above.

      The Clerk of Court is respectfully directed to close the motions at Dkts. 26, 51, 91, 93, 103, 114 and 125.

Dated:  June 24, 2024
         New York, New York

                                              **LORNA G. SCHOFIELD**
                                           **UNITED STATES DISTRICT JUDGE**