Matthew W. Walch
matthew.walch@lw.com

**LATHAM & WATKINS** LLP

> Application **GRANTED** for substantially the reasons stated in this letter.  By **July 12, 2024**, Zesty Paws shall refile an unsealed copy of the declaration of Richard A. Edlin at Dkt. 30.
>
> The Clerk of Court is respectfully directed to close the motion at Dkt. 163.
>
> Dated: July 10, 2024
>       New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

July 8, 2024

**VIA CM/ECF**

The Honorable Lorna G. Schofield
United States District Court
500 Pearl Street
New York, New York 10007

    Re:    *Zesty Paws LLC v. Nutramax Laboratories, Inc., et al.*, No. 1:23-cv-10849-LGS; Request to Seal/Redact Non-Public Financial Data in Declaration of Pradeep Raj Ooralath and Exhibits A and B Thereto (Dkt. 94)

Dear Judge Schofield:

    Pursuant to the Order dated June 24, 2024 (the "Order"), and Section I(D)(3) of this Court's Individual Rules and Procedures for Civil Cases (the "Rules"), Plaintiff/Counterclaim Defendant Zesty Paws LLC ("Zesty Paws"), respectfully requests that the Court allow the following information to be filed and maintained under seal:

- Zesty Paws' non-public sales data compiled and disclosed in Paragraphs 9-12, 14-16 and C of the Declaration of Pradeep Raj Ooralath (Dkt. 94; the "Ooralath Declaration");

- The entirety of Exhibit A to the Ooralath Declaration (Dkt. 94-1; "Exhibit A"), which consists of the non-public gross sales data underlying the totals reported in the Ooralath Declaration; and

- The entirety of Exhibit B to the Ooralath Declaration (Dkt. 94-2; "Exhibit B"), which consists of the non-public "point of sale" sales data underlying the totals reported in the Ooralath Declaration.

    As the Order states, the Court already determined that the non-public financial data that is the subject of this renewed request "may be redacted" from the public record.  *See* Dkt. 149. Consistent with the Order and the Court's direction therein, Zesty Paws submits this renewed request narrowing the scope of the proposed sealing to encompass only those specific aspects of

the Ooralath Declaration that disclose the non-public financial data, along with Exhibits A and B which are comprised entirely of such data.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 15, 2024, Zesty Paws moved to seal the Ooralath Declaration, Exhibit A, and Exhibit B in their entireties. *See* Dkt. 93. In that motion, Zesty Paws explained that the sales and revenue data contained in those documents is confidential information that Zesty Paws, as a privately held company, does not publicly disclose. *Id.* at 1. Zesty Paws further set forth the legal support of the sealing request, including by collecting cases from this District that support the requested relief. *Id.* at 1-2.

In the Order, the Court agreed with Zesty Paws that the "[n]on-public financial results may be redacted" from the Ooralath Declaration. Dkt. 149. However, the Court indicated that those aspects of the Ooralath Declaration that do not specifically disclose the non-public financial data "shall not be redacted." *Id.* The Court denied Zesty Paws' motion "without prejudice to renewal" and directed Zesty Paws to file any "renewed motion[] to redact" by July 8, 2024. *Id.*

## II. LEGAL STANDARD

"[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978). While there is a common law presumption in favor of public access to judicial documents, that presumption "is not absolute." *See id.* at 598. "The court must balance competing considerations" against the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from disclosure certain information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Std. Inv. Chtd., Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on the grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

## III. ARGUMENT

The Ooralath Declaration includes sensitive, non-public sales data that Zesty Paws maintains as confidential. Zesty Paws has narrowly tailored its proposed redactions to the

---

[1] In accordance with the Rules, Zesty Paws is concurrently submitting (1) a version of the Ooralath Declaration in which the proposed redactions are highlighted, (2) Exhibit A, and (3) Exhibit B, with access to each of these documents limited to the Court, Parties, and counsel of record identified in the Appendix attached hereto.

**LATHAM&WATKINS**LLP

Ooralath Declaration to encompass only the non-public data. Exhibits A and B are comprised entirely of the non-public sales data underlying the proposed redacted sales totals reported in the Ooralath Declaration, necessitating that they both be filed and maintained under seal in their entireties.

Accordingly, the requested relief is consistent with both the Court's Order and the case law in this District (and elsewhere) routinely finding that this type of confidential sales data—particularly for a privately held company—should be sealed. *See* Dkt. 149 (finding that "[n]on-public financial results may be redacted"); *see also Playtex Prods., LLC v. Muchkin, Inc.*, No. 14-cv-1308 (RJS), 2016 U.S. Dist. LEXIS 42261, at *40 (S.D.N.Y. Mar. 29, 2016) (holding that competitively harmful information related to "sales and revenue" should be sealed); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612-14 (S.D.N.Y. 1998) (finding that confidential business information should be sealed because it "provide[s] valuable insights into a company's current business practice"); *Kafati v. Kafati*, No. 22-CV-9906 (VSB), 2022 U.S. Dist. LEXIS 224497, at *4 (S.D.N.Y. Dec. 9, 2022) ("Limited sealing is also appropriate for confidential business information related to a privately held Company."); *Broidy v. Global Risk Advisors LLC*, No. 19-cv-11861 (MKV) (JW), 2023 U.S. Dist. LEXIS 151536, at *11 (S.D.N.Y. Aug. 24, 2023) (noting that additional weight is given to the interests of a private company seeking to protect its confidential business information from public disclosure).

For the foregoing reasons, Zesty Paws respectfully requests that the Court grant this sealing request and allow Zesty Paws to (1) redact the non-public financial information from the Ooralath Declaration; and (2) file Exhibits A and B to the Ooralath Declaration under seal in their entireties.

Respectfully submitted,

*/s/ Matthew W. Walch*
Matthew W. Walch
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)

LATHAM&WATKINS LLP

# APPENDIX

**Parties:**

Zesty Paws LLC
Nutramax Laboratories, Inc.
Nutramax Laboratories Veterinary Sciences, Inc.
Health and Happiness U.S. International Incorporated

**Attorneys:**

Steven N. Feldman
Matthew W. Walch
Michael Bern
Jason D. Rosenberg
Uly S. Gunn
Alan F. Pryor
Mary Grace Gallagher
Natalie C. Clayton
Elizabeth A. Buckel