# ALSTON & BIRD

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
404-881-7000 | Fax: 404-881-7777

Uly Samuel Gunn                           Direct Dial: 404-881-7813

_____
LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

July 8, 2024

**VIA CM/ECF**      Application **GRANTED** for substantially the reasons stated in this letter.

The Honorable Lorna G. Schofield   The Clerk of Court is respectfully directed to close the motion at Dkt. 167.
United States District Court
500 Pearl Street                   Dated: July 10, 2024
New York, New York 10007           New York, New York

Re:   *Zesty Paws LLC v. Nutramax Laboratories, Inc. et. al* (Case No.: 1:23-cv-10849):
      Request to Redact Declaration and Expert Report of Jean-Pierre Dubé

Dear Judge Schofield:

Pursuant to this Court's June 24, 2024, Order (Dkt. 149; the "Order") and Section I.D.3 of this Court's Individual Rules and Procedures for Civil Cases, Counterclaim Plaintiffs Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. (collectively, "Nutramax") respectfully submit this letter motion to permit Zesty Paws to file portions of its re-filed Declaration and Expert Report of Jean-Pierre Dubé (the "Dubé Declaration") (Dkt. 104) under seal in the form of limited redactions. Nutramax files this motion instead of Zesty Paws because Zesty Paws is withdrawing its claim to redaction or sealing of Zesty Paws' own material or that of any third parties in the Dubé Declaration. Because the Dubé Declaration is not Nutramax's document, however, Zesty Paws will re-file the Dubé Declaration itself in both redacted, public form and unredacted, sealed form with the redactions highlighted and related to this letter motion. The parties have conferred, and Zesty Paws does not oppose this motion.

### I.   Legal Standard

Although there is a common law presumption favoring public access to court records and proceedings, that right of access is not absolute – courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597-99 (1978). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure*." In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from disclosure certain information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Std. Inv. Chtd., Inc. v. Fin. Indus.*

July 8, 2024
Page 2

*Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"). A court may seal documents "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). This district specifically recognizes that documents containing marketing and business strategies as well as those containing "forecasts, sales, inventory management, profit margins, etc." warrant confidential treatment. *Broidy v. Global Risk Advisors LLC*, No. 19-cv-11861 (MKV) (JW), 2023 U.S. Dist. LEXIS 151536, at *11 (S.D.N.Y. Aug. 24, 2023); *Avocent Redmond Corp. v. Raritan Ams., Inc.*, No. 10 CIV. 6100 (PKC), 2012 U.S. Dist. LEXIS 107801, 2012 WL 3114855, *16 (S.D.N.Y. July 31, 2012).

## II.     Sealing Justification

The Dubé Declaration references several of Nutramax's highly confidential business strategy documents and communications or specific pages or sections of such documents and communications (the "Internal Strategy Documents") — in some instances quoting directly from them — which were not directly discussed at the preliminary injunction hearing nor referenced in the preliminary injunction order. These materials were designated under the Joint Protective Order as "Highly Confidential – Outside Attorneys' Eyes Only" (Dkt. 80) and include Nutramax's internal monthly sales presentations, internal business strategy communications, and non-public financial data. The Dubé Declaration also discusses highly confidential financial revenue and sales figures, which Nutramax, as a privately held company, does not publicly disclose. The Court's Order explicitly allows for a renewed motion to redact the Dubé Declaration so long as the redactions are "narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded" to the Dubé Declaration. (Order at 2).

Nutramax's proposed redactions of its information from the Dubé Declaration are narrowly tailored to its confidential business strategy documents, communications, and financial data, which were not discussed at the preliminary injunction hearing or in the preliminary injunction order, while also allowing any non-confidential information to be publicly available. (*See* Order at 3-4). The marketing and business strategies and financial data contained in Nutramax's Internal Strategy Documents, and reflected in the Dubé Declaration, are the type of sensitive business information that courts routinely seal. *See, e.g.*, *Playtex Prods., LLC v. Muchkin, Inc.*, No. 14-cv-1308 (RJS), 2016 U.S. Dist. LEXIS 42261, at *40 (S.D.N.Y. Mar. 29, 2016) (finding competitive business information related to "research and development of new products" should be sealed). Courts in this district have determined that "material concerning the [party's] marketing strategies" as well as product development, is "highly proprietary material" that should remain under seal. *Id*. (quoting *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011)); *W.J. Deutsch & Sons Ltd. v. Zamora*, No. 1:21-cv-11003-LTS, 2022 U.S. Dist. LEXIS 54365, at *1 (S.D.N.Y. Mar. 25, 2022) (holding a party's documents, such as price lists, purchase quantities, and marketing strategies should be sealed because the disclosure of confidential details would subject both parties to a competitive disadvantage); *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Financial records of a wholly owned business . . . will weigh more heavily against access than conduct affecting a substantial portion of the public.").

July 8, 2024
Page 3

      Additionally, Nutramax is a privately held company, and the weight given to its interest in the confidentiality of its internal business decisions, strategies, and financial data is therefore heightened. *See, e.g.*, *Broidy v. Global Risk Advisors LLC*, No. 19-cv-11861 (MKV) (JW), 2023 U.S. Dist. LEXIS 151536, at *11 (S.D.N.Y. Aug. 24, 2023) (noting that additional weight is given to the interests of a private company seeking to protect its confidential business information, such as corporate strategies and long-term strategic goals, from public disclosure). Because Nutramax would be competitively disadvantaged by the public disclosure of its marketing and business strategies and financial data, and because Nutramax is a privately owned company whose confidential business information is entitled to greater protection, Nutramax respectfully requests that this Court permit it to redact portions of the Dubé Declaration, which are narrowly tailored, to protect this interest.

      A list of the parties and counsel who should be granted access to the sealed material is listed in Appendix 1. Nutramax has served this letter on counsel for Zesty Paws LLC and Health and Happiness (H&H) US International Incorporated via ECF contemporaneously with this filing.

                                       Respectfully Submitted,

                                       /s/ *Uly S. Gunn*
                                       Uly S. Gunn
                                       *Counsel for Counterclaim Plaintiffs Nutramax*
                                       *Laboratories, Inc. and Nutramax*
                                         *Laboratories Veterinary Sciences, Inc.*

July 8, 2024
Page 4

## Appendix 1: List of Counsel Designated to Access
## The Unredacted "Dubé Declaration"

All parties and counsel of record listed below may have access to the unredacted Dubé Declaration:

**Parties**

Nutramax Laboratories, Inc.
Nutramax Laboratories Veterinary Sciences, Inc.

**Counsel for Counterclaim Plaintiffs Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc.**

Jason D. Rosenberg
Uly S. Gunn
Alan F. Pryor
Mary Grace Gallagher
Natalie C. Clayton
Elizabeth A. Buckel

**Counsel for Counterclaim Defendants Zesty Paws LLC & Health and Happiness (H&H) US International Incorporated**

Steven Nathaniel Feldman
Matthew W. Walch
Michael Bern