# ALSTON & BIRD

Mary Grace Gallagher

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
404-881-7000 | Fax: 404-881-777
Direct Dial: 404-881-4482

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

July 8, 2024

<u>VIA CM/ECF</u>

Application **GRANTED** for substantially the reasons stated in this letter.

The Honorable Lorna G. Schofield
United States District Court
500 Pearl Street
New York, New York 10007

The Clerk of Court is respectfully directed to close the motion at Dkt. 157.

Dated: July 10, 2024
New York, New York

Re: *Zesty Paws LLC v. Nutramax Laboratories, Inc. et. al* (Case No.: 1:23-cv-10849):
Request to Redact Joint Letter Regarding Objections to Exhibits and Demonstratives

Dear Judge Schofield:

Pursuant to this Court's June 24, 2024, Order (Dkt. 149) and Section I.D.3 of this Court's Individual Rules and Procedures for Civil Cases, Counterclaim Plaintiffs Nutramax Laboratories, Inc. & Nutramax Laboratories Veterinary Sciences, Inc. (collectively, "Nutramax") respectfully submit this renewed letter motion to file portions of the parties' Joint Letter Regarding Objections to Exhibits and Demonstratives (Dkt. 115; the "Joint Letter") under seal in the form of limited redactions. In its section of the Joint Letter, Zesty Paws refers to, and in some cases directly quotes from, highly confidential business strategy documents and communications or specific pages or sections of such documents and communications (collectively, the "Internal Strategy Documents") which were not referenced or discussed at the preliminary injunction hearing or in the preliminary injunction order. Pursuant to this Court's Individual Rules and Procedures, an unredacted version of the Joint Letter (with redacted portions highlighted) will be filed with access limited to the Court and the parties' counsel of record.

## I.    Legal Standard

Although there is a common law presumption favoring public access to court records and proceedings, that right of access is not absolute – courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597-99 (1978). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure*." In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from disclosure certain information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp*., No. 97 Civ. 2003, 1998 WL

July 8, 2024
Page 2

113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Std. Inv. Chtd., Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"). A court may seal documents "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). This district specifically recognizes that documents containing marketing and business strategies warrant confidential treatment. *Broidy v. Global Risk Advisors LLC*, No. 19-cv-11861 (MKV) (JW), 2023 U.S. Dist. LEXIS 151536, at *11 (S.D.N.Y. Aug. 24, 2023).

## II.     Sealing Justification

Zesty Paws' portion of the Joint Letter references the contents of several of Nutramax's Internal Strategy Documents — in some instances quoting directly from them — which were not directly discussed at the preliminary injunction hearing nor referenced in the preliminary injunction order. These materials were designated under the Joint Protective Order (Dkt. 80) and include Nutramax's internal monthly sales presentations and internal business strategy communications. Nutramax seeks to redact portions of the Joint Letter because they were not referenced in the preliminary injunction opinion or at the preliminary injunction hearing. The Court's Order explicitly allows Nutramax to file a renewed motion to redact the Joint Letter so long as the redactions are "narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded" to the Joint Letter. (*See* June 24, 2024, Order.)

Nutramax has narrowly tailored the proposed redactions to its confidential business strategy documents and communications which were not discussed at the preliminary injunction hearing or in the preliminary injunction order, while also allowing any non-confidential information to be publicly available. *See* June 24, 2024, Order (allowing for redaction of non-public strategic plans). The marketing and business strategies contained in Nutramax's Internal Strategy Documents, and reflected in the Joint Letter, are the type of sensitive business information that courts routinely seal. *See, e.g.*, *Playtex Prods., LLC v. Muchkin, Inc.*, No. 14-cv-1308 (RJS), 2016 U.S. Dist. LEXIS 42261, at *40 (S.D.N.Y. Mar. 29, 2016) (finding competitive business information related to "research and development of new products" should be sealed). Courts in this district have determined that "material concerning the [party's] marketing strategies" as well as product development, is "highly proprietary material" that should remain under seal. *Id.* (quoting *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011)); *W.J. Deutsch & Sons Ltd. v. Zamora*, No. 1:21-cv-11003-LTS, 2022 U.S. Dist. LEXIS 54365, at *1 (S.D.N.Y. Mar. 25, 2022) (holding a party's documents, such as price lists, purchase quantities, and marketing strategies should be sealed because the disclosure of confidential details would subject both parties to a competitive disadvantage).

Additionally, Nutramax is a privately held company, and the weight given to its interest in the confidentiality of its internal business decisions and strategies is therefore heightened. *See, e.g.*, *Broidy v. Global Risk Advisors LLC*, No. 19-cv-11861 (MKV) (JW), 2023 U.S. Dist. LEXIS 151536, at *11 (S.D.N.Y. Aug. 24, 2023) (noting that additional weight is given to the interests of a private company seeking to protect its confidential business information, such as corporate strategies and long term strategic goals, from public disclosure). Because Nutramax would be

July 8, 2024
Page 3

competitively disadvantaged by the public disclosure of its marketing and business strategies and because Nutramax is a privately owned company whose confidential business information is entitled to greater protection, Nutramax respectfully requests that this Court permit it to redact portions of the Joint Letter, which are narrowly tailored, to protect this interest.

A list of parties and counsel who should be granted access to the sealed material is listed in Appendix 1. Nutramax has served this letter on counsel for Zesty Paws LLC & Health and Happiness (H&H) US International Incorporated via ECF contemporaneously with this filing.

Respectfully Submitted,

/s/ *Mary Grace Gallagher*
Mary Grace Gallagher
*Counsel for Counterclaim Plaintiffs Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc.*

July 8, 2024
Page 4

## Appendix 1: List of Counsel Designated to Access
## The "Joint Letter"

All parties and counsel of record may have access to the Joint Letter:

**Parties**

Nutramax Laboratories, Inc.
Nutramax Laboratories Veterinary Sciences, Inc.

**Counsel for Counterclaim Plaintiffs Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc.**

Jason D. Rosenberg
Uly S. Gunn
Alan F. Pryor
Mary Grace Gallagher
Natalie C. Clayton
Elizabeth A. Buckel

**Counsel for Counterclaim Defendants Zesty Paws LLC & Health and Happiness (H&H) US International Incorporated**

Steven Nathaniel Feldman
Matthew W. Walch
Michael Bern