# ALSTON & BIRD

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
404-881-7000 | Fax: 404-881-7777

Mary Grace Gallagher         Direct Dial: 404-881-4482

July 8, 2024

**VIA CM/ECF**

The Honorable Lorna G. Schofield
United States District Court
500 Pearl Street
New York, New York 10007

*Signature*
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Application **GRANTED** for substantially the reasons stated in this letter.

The Clerk of Court is respectfully directed to close the motion at Dkt. 154.

Dated: July 10, 2024
New York, New York

Re: *Zesty Paws LLC v. Nutramax Laboratories, Inc. et. al* (Case No.: 1:23-cv-10849): Request to Redact and File Under Seal

Dear Judge Schofield:

Pursuant to this Court's June 24, 2024, Order (Dkt. 149) and Section I(D)(3) of this Court's Individual Rules and Procedures for Civil Cases, Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. (collectively, "Nutramax") respectfully submit this renewed letter motion to file portions of W. Craig Jones' supplemental declaration (Dkt. 92) under seal in the form of limited redactions and file under seal the two exhibits thereto (Dkts. 92-1, 92-2, collectively, the "Confidential Filings"). The information in these documents includes Nutramax's confidential financial revenue and sales figures, which Nutramax, as a privately held company, does not publicly disclose. Pursuant to this Court's Individual Rules and Procedures, an unsealed and unredacted version of the declaration (with redacted portions highlighted) along with the two exhibits will be filed with access limited to the Court and the parties' counsel of record.

## I. Legal Standard

Although there is a common law presumption favoring public access to court records and proceedings, that right of access is not absolute – courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure*." In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from disclosure certain information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Std. Inv. Chtd., Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on

grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"). A court may seal documents "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). This district specifically recognizes that "forecasts, sales, inventory management, profit margins, etc." warrant confidential treatment. *Avocent Redmond Corp. v. Raritan Ams., Inc.*, No. 10 CIV. 6100 (PKC), 2012 U.S. Dist. LEXIS 107801, 2012 WL 3114855, *16 (S.D.N.Y. July 31, 2012).

## II.    Sealing Justification

The Confidential Filings consist of a supplemental declaration from Nutramax's Chief Financial Officer and two accompanying exhibits—one that contains Nutramax's sales data for NUTRAMAX pet supplements for 2021, 2022, and 2023, and one that contains information regarding Nutramax's point of sale data for NUTRAMAX pet supplements for 2022 and 2023. Nutramax seeks to redact portions of the supplemental declaration and the entirety of the accompanying exhibits.

Nutramax has narrowly tailored the proposed redactions to its non-public financial information to protect against competitive harm, while also allowing any non-confidential information, such as the background information on the data and declarant, to be publicly available. *See* June 24, 2024, Order (allowing for redaction of non-public financial results in Dkt. 92). The redacted sales data contained in Nutramax's Confidential Filings is the type of sensitive business information that courts routinely seal. *See, e.g.*, *Playtex Prods., LLC v. Muchkin, Inc.*, No. 14-cv-1308 (RJS), 2016 U.S. Dist. LEXIS 42261, at *40 (S.D.N.Y. Mar. 29, 2016) (holding that competitively harmful information related to "sales and revenue" should be sealed); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612-14 (S.D.N.Y. 1998) (finding that confidential business information should be sealed because it "provide[s] valuable insights into a company's current business practice").

Additionally, Nutramax is a privately held company, and therefore the weight given to its interest in the confidentiality of its sales and revenue figures is heightened. *See, e.g.*, *Kafati v. Kafati*, No. 22-CV-9906 (VSB), 2022 U.S. Dist. LEXIS 224497, at *4 (S.D.N.Y. Dec. 9, 2022) ("Limited sealing is also appropriate for confidential business information related to a privately held Company."); *Broidy v. Global Risk Advisors LLC*, No. 19-cv-11861 (MKV) (JW), 2023 U.S. Dist. LEXIS 151536, at *11 (S.D.N.Y. Aug. 24, 2023) (noting that additional weight is given to the interests of a private company seeking to protect its confidential business information from public disclosure); *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Financial records of a wholly owned business . . . will weigh more heavily against access than conduct affecting a substantial portion of the public."). Because Nutramax would be competitively disadvantaged by the public disclosure of its non-public financial information, and because Nutramax is a privately-owned company whose confidential finances is entitled to greater protection, Nutramax respectfully requests that this Court permit it to redact portions of the Confidential Filings, which are narrowly tailored, to protect this interest.

Exhibits A and B to W. Craig Jones' Supplemental Declaration have already been produced to Zesty Paws LLC and Health and Happiness (H&H) US International Incorporated's

July 8, 2024
Page 3

(collectively, "Zesty Paws") outside attorneys and were designated as "Highly Confidential Information - Outside Attorneys' Eyes Only." A list of counsel who should be granted access to the sealed material is listed in Appendix 1. Nutramax has served this letter on counsel for Zesty Paws via ECF contemporaneously with this filing.

    Respectfully Submitted,

    /s/ *Mary Grace Gallagher*
    Mary Grace Gallagher
    *Counsel for Counterclaim Plaintiffs Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc.*

## Appendix 1: List of Outside Counsel Designated to Access
## The "Confidential Filings"

The following counsel of record may have access to the Confidential Filings:

**Counsel for Counterclaim Plaintiffs Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc.**

Jason D. Rosenberg
Uly S. Gunn
Alan F. Pryor
Mary Grace Gallagher
Elizabeth A. Buckel
Natalie Christine Clayton

**Counsel for Counterclaim Defendants Zesty Paws LLC & Health and Happiness (H&H) US International Incorporated**

Steven Nathaniel Feldman
Matthew W. Walch
Michael Bern