**Jason D. Rosenberg**

August 2, 2024

**VIA CM/ECF**

The Honorable Lorna G. Schofield
United States District Court
500 Pearl Street
New York, New York 10007

Application **GRANTED** for substantially the reasons stated in this letter. Nutramax shall refile the unredacted letter requesting pre-motion conference regarding motion for anti-suit injunction under seal and the redacted version each as a new docket entry.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 190, 191 and 192.

Dated: August 5, 2024
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:     ***Zesty Paws LLC v. Nutramax Laboratories, Inc. et. al*** **(Case No.: 1:23-cv-10849):
Request to Redact Portions of Letter Requesting Pre-Motion Conference Regarding
Motion for Anti-Suit Injunction**

Dear Judge Schofield:

    Pursuant to Section I.D.3 of this Court's Individual Rules and Procedures for Civil Cases, Counterclaim Plaintiffs Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. (collectively, "Nutramax") respectfully submit this letter motion to file portions of Nutramax's Request for Pre-Motion Conference Regarding Motion for Anti-Suit Injunction (the "Letter") under seal in the form of limited redactions. The Letter contains specific terms and discussions of the parties' confidential settlement agreement executed in *Nutramax Laboratories, Inc. et al. v. Zesty Paws LLC et al.*, No. 6:22-cv-00626-CEM-LHP (M.D. Fla.) (the "Agreement"). Pursuant to this Court's Individual Rules and Procedures, an unredacted version of the Letter (with redacted portions highlighted) will be filed with access limited to the Court and the parties' counsel of record.

### I.    Legal Standard

    Although there is a common law presumption favoring public access to court records and proceedings, that right of access is not absolute – courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597-99 (1978). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

    This district specifically recognizes that settlement agreements are confidential and thus has permitted documents referencing the terms of such agreements be filed under seal. *See, e.g., Seoul Viosys Co. v. P3 Int'l Corp.,* No. 16 Civ. 6276, 2018 WL 4759744, at *13 (S.D.N.Y. Sept. 30, 2018) (approving redactions of details of prior confidential settlement agreements "that could

August 2, 2024
Page 2

harm [p]laintiff's competitive standing"); *Comoosl Corp. et al. v. C-Callon. Inc. et al.*, 11-cv-1922 (S.D.N.Y. May 19, 2011), ECF 33 (granting motion to file settlement agreement under seal); ECF 134 (granting motion to redact information from summary judgment materials regarding a prior confidential settlement agreement).

## II.      Sealing Justification

Here, Nutramax seeks to redact limited portions of the Letter that specifically detail or discuss the terms of the confidential Agreement, while also allowing any non-confidential information to be publicly available. The Court has previously ordered that the Agreement itself may be maintained under seal (Dkt. 149), and that documents discussing the terms of the Agreement can be redacted. *See* Dkt. 185 (approving redactions of details of the Agreement). The parties have a shared interest in the terms of the Agreement remaining confidential. Therefore, Nutramax respectfully requests that this Court permit it to redact limited portions of the Letter that discuss the terms of the Agreement, which is narrowly tailored to protect this interest.

A list of parties and counsel who should be granted access to the sealed material is listed in Appendix 1. Nutramax has served this letter on counsel for Zesty Paws LLC and Health and Happiness (H&H) US International Incorporated via ECF contemporaneously with this filing.

Sincerely,

Jason D. Rosenberg

August 2, 2024
Page 3

**Appendix 1: List of Counsel Designated to Access
The "Letter"**

All parties and counsel of record may have access to the Letter:

**Parties**

Nutramax Laboratories, Inc.
Nutramax Laboratories Veterinary Sciences, Inc.
Zesty Paws LLC
Health and Happiness U.S. International Incorporated

**Counsel for Counterclaim Plaintiffs Nutramax Laboratories, Inc. and Nutramax
Laboratories Veterinary Sciences, Inc.**

Jason D. Rosenberg
Uly S. Gunn
Alan F. Pryor
Mary Grace Gallagher
Natalie C. Clayton
Elizabeth A. Buckel

**Counsel for Counterclaim Defendants Zesty Paws LLC & Health and Happiness (H&H) US
International Incorporated**

Steven Nathaniel Feldman
Matthew W. Walch
Michael Bern