Steven N. Feldman
Direct Dial: 1.212.906.1821
steve.feldman@lw.com

**LATHAM&WATKINS**LLP

August 9, 2024

> Application **GRANTED**. The referenced letter may be filed in redacted form for substantially the reasons stated in this letter. The full unredacted version of the referenced letter has already been filed under seal at Dkt. No. 203.
>
> The Clerk of Court is respectfully directed to close the motion at Dkt. No. 201.
>
> Dated: August 12, 2024
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

VIA CM/ECF

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *Zesty Paws LLC v. Nutramax Laboratories, Inc., et al.*, No. 1:23-cv-10849-LGS; Request to Seal/Redact Portions of Zesty Paws' Opposition to Nutramax's Request for Pre-Motion Conference Regarding Motion for Anti-Suit Injunction

Dear Judge Schofield:

Pursuant to Rule I.D.3. of this Court's Individual Rules and Procedures for Civil Cases (the "Rules"), Plaintiff/Counterclaim Defendant Zesty Paws LLC ("Zesty Paws") respectfully requests that the Court allow to be filed and maintained under seal all references made in Zesty Paws' letter opposing Nutramax Laboratories, Inc.'s ("Nutramax") Request for Pre-Motion Conference Regarding Motion for Anti-Suit Injunction (the "Opposition Letter") to the terms of the parties' confidential settlement agreement executed in *Nutramax Laboratories, Inc. et al. v. Zesty Paws LLC et al.*, No. 6:22-cv-00626-CEM-LHP (M.D. Fla.) (the "Confidential Settlement Agreement"). In accordance with the Rules, Zesty Paws is concurrently submitting a version of the Opposition Letter in which the proposed redactions are highlighted, with access limited to the Court, Parties, and counsel of record identified in the Appendix attached hereto.

"[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978). While there is a common law presumption in favor of public access to judicial documents, that presumption "is not absolute." *See id.* at 598. "The court must balance competing considerations" against the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Courts in this district routinely recognize the importance of protecting the confidentiality of settlement agreement, granting requests for the agreements and their terms to be filed and maintained under seal. *See, e.g., Comoosl Corp. et al. v. C-Callon. Inc. et al.*, 11-cv-1922 (S.D.N.Y. May 19, 2011), ECF 33 (granting motion to file settlement agreement under seal); *Comoosl Corp. et al. v. C-Callon. Inc. et al*, 11-cv-1922 (S.D.N.Y. July 25, 2011), ECF 66 (granting motion to file settlement agreement under seal); *Seoul Viosys Co., Ltd. v. P3 Int'l Co.*, 16-cv-6272 (S.D.N.Y. Sept. 30, 2018), ECF 164 at 26-27 (granting motion to redact information from summary judgment materials regarding a prior confidential settlement agreement).

LATHAM&WATKINS LLP

   Indeed, the Court has previously ordered that the Confidential Settlement Agreement itself may be properly maintained under seal.  *See* Dkt. 149 (request to "seal the prior settlement agreement appended to the Edlin Declaration at Dkt. 31 is **GRANTED**") (emphasis in original); ECF No. 185; ECF No. 196.  The Opposition Letter quotes from and analyzes certain terms of the Confidential Settlement Agreement.  Accordingly, it includes sensitive, non-public information that Zesty Paws and Nutramax have a shared interest in keeping confidential.  Zesty Paws has narrowly tailored its proposed redactions to the Opposition Letter to encompass only references disclosing the non-public terms of the Confidential Settlement Agreement.

   For the foregoing reasons, Zesty Paws respectfully requests that the Court grant this sealing request and allow Zesty Paws to redact the references to the terms of the Confidential Settlement Agreement from the Opposition Letter.

                Respectfully submitted,

                /s/ Steven N. Feldman
                Steven N. Feldman
                of LATHAM & WATKINS LLP

cc:  All Counsel of Record (via ECF)

LATHAM&WATKINS LLP

# APPENDIX

**Parties:**

Zesty Paws LLC
Nutramax Laboratories, Inc.
Nutramax Laboratories Veterinary Sciences, Inc.
Health and Happiness U.S. International Incorporated

**Attorneys:**

Steven N. Feldman
Matthew W. Walch
Michael Bern
Jason D. Rosenberg
Uly S. Gunn
Alan F. Pryor
Mary Grace Gallagher
Natalie C. Clayton
Elizabeth A. Buckel