```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
ZESTY PAWS LLC,                                               :
                                      Plaintiff,              :
                                                              :    23 Civ. 10849 (LGS)
              -against-                                       :
                                                              :    OPINION AND ORDER
NUTRAMAX LABORATORIES, INC. ET AL.,                           :
                                      Defendants.             :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

At issue are the motions of (1) Plaintiff Zesty Paws LLC ("Zesty Paws") for a stay of this action during the pendency of a related action Zesty Paws recently filed in the United States District Court for the Middle District of Florida (the "Florida Action") and (2) Defendants Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. (collectively, "Nutramax") for an anti-suit injunction restraining Zesty Paws from pursuing any related litigation in another forum, including the Florida Action. Zesty Paws seeks to litigate in the Florida Action the issue of whether the counterclaims Nutramax asserted here were released in the parties' June 29, 2023, settlement agreement (the "Agreement"). The Agreement designates the Middle District of Florida as the exclusive venue to litigate disputes related to the Agreement. For the following reasons, both the motion to stay and the anti-suit injunction motion are DENIED.

I.  **BACKGROUND**

This decision assumes familiarity with the relevant facts. *See Zesty Paws LLC v. Nutramax Lab'ys, Inc.*, No. 23 Civ. 10849, 2024 WL 2853622, at *1 (S.D.N.Y. June 4, 2024) (the "Preliminary Injunction Opinion"). The relevant procedural history is briefly summarized below.

Zesty Paws commenced this action on December 13, 2023. Since then, the parties have proceeded with active litigation. The docket now contains over two hundred entries, including:

(1) Zesty Paws' December 13, 2023, Complaint seeking declaration that the #1 Claims are not false or misleading and that Nutramax is not entitled to any monetary award or equitable relief from Zesty Paws;

(2) Nutramax's December 22, 2023, Answer, Counterclaims and Third-Party Complaint denying that Zesty Paws is entitled to any relief, seeking a declaration that Zesty Paws and its parent company have engaged in false advertising in violation of the Lanham Act and New York law and seeking injunctive relief and damages;

(3) a January 21, 2024, Order granting in part Nutramax's motion for a temporary restraining order and restraining Zesty Paws from using the #1 Claims in any Costco stores beyond the 20 Costco stores where Zesty Paws' products were already sold;

(4) scheduling orders for discovery entered on January 26, April 24 and June 24, 2024;

(5) an April 16, 2024, evidentiary hearing on Nutramax's Motion for Preliminary Injunction, at which Nutramax called three witnesses, including two experts, and introduced sixty-one exhibits, and Zesty Paws called four witnesses, including two experts, and introduced thirty-six new exhibits, following the parties' expedited discovery;

(6) the June 4, 2024, Preliminary Injunction Opinion granting Nutramax's Motion for Preliminary Injunction and restraining Zesty Paws from publishing, disseminating or distributing the #1 Claims in the United States;

(7) a June 24, 2024, stipulation that Latham & Watkins LLP be substituted for Zesty Paws' prior counsel;

(8) a July 3, 2024, Notice of Interlocutory Appeal of the Preliminary Injunction Opinion to the Second Circuit;

(9) a July 26, 2024, letter from Zesty Paws, requesting a pre-motion conference for its proposed motion to stay, and Nutramax's August 6, 2024, opposition letter;

(10) an August 2, 2024, letter from Nutramax requesting a pre-motion conference for its proposed motion for an anti-suit injunction, and Zesty Paws' August 9, 2024, opposition letter;

(11) an August 5, 2024, Order directing the parties to file letters regarding the forum selection provisions in the Agreement, as well as the parties' respective responses on August 12 and 19, 2024;

(12) a September 24, 2024, presumably final scheduling order extending discovery deadlines for a third time -- including individual deposition dates in October and early November, setting a deadline for all fact discovery of November 15, 2024, and a deadline for expert discovery of January 23, 2025;

(13) an October 10, 2024, Order stating the Court's intention to forego the pre-motion conferences and adjudicate the parties' proposed motions based on their submissions, and inviting any final submissions and

(14) an October 11, 2024, letter from Zesty Paws opposing an anti-suit injunction and supporting a stay.

On October 3, 2024, Zesty Paws filed the Florida Action, asserting that Nutramax's counterclaims in this action were barred by the Agreement which resolved the parties' previous litigation in the Middle District of Florida.

## II.   DISCUSSION

### A.   Zesty Paws' Request

Zesty Paws' motion to stay this action is denied.  "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *accord Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012).  "The proponent of a stay bears the burden of establishing its need," *Clinton*, 520 U.S. at 708, and Zesty Paws has failed to carry this burden.

Zesty Paws initiated this action in the Southern District of New York and averred in the Complaint (presumably referencing the Agreement) that "Nutramax Labs agreed that any future legal action between the parties shall be brought exclusively in [this Court]."  Zesty Paws has not moved to dismiss its own claims against Nutramax here.  Even if Zesty Paws did so, Nutramax's counterclaims would remain pending for adjudication in this Court absent a further ruling.  As Zesty Paws stated, the "Florida action would not address the merits of Nutramax's counterclaims, nor this Court's preliminary injunction decision, but the separate question of whether pursuing those claims violates and is prohibited by the parties' agreement."

As long as the underlying dispute about Zesty Paws' #1 Claims is not fully resolved, the parties will need to complete discovery.  They have substantially completed document production, are in the midst of conducting depositions and appear to be on track to complete fact discovery by the November 15, 2024, deadline.  Granting a stay would injure the "private interests of [Nutramax] in proceeding expeditiously" and not serve "the interests of justice."  *Louis Vuitton*, 676 F.3d at 97, 99.

### B. Nutramax's Request

Nutramax's motion for an anti-suit injunction is denied. An anti-suit injunction is warranted only if resolution of the current case "is dispositive of" the Florida action. *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 652 (2d Cir. 2004); *accord Eletson Holdings, Inc. v. Levona Holdings Ltd.*, No. 23 Civ. 7331, 2024 WL 1724592, at *40 (S.D.N.Y. Apr. 19, 2024). Zesty Paws' Complaint in the Florida Action asserts that Nutramax's counterclaims in this action are barred by the Agreement. Paragraph 14 of the Agreement states that any dispute "that relates to this Agreement shall be brought exclusively in the United States District Court for the Middle District of Florida." Paragraph 18 of the Agreement contains a no-waiver provision, which, in substance, states that failure to insist on strict compliance with any right under the Agreement shall not be deemed a waiver of that right. Although Nutramax vigorously disputes the applicability of these provisions -- without now construing the Agreement even for the purpose of this motion -- the parties' arguments regarding the scope and meaning of the Agreement appear to be more appropriate for the Florida court to decide.

### III. CONCLUSION

For the foregoing reasons, Zesty Paws' motion to stay and Nutramax's motion for an anti-suit injunction are **DENIED**. Zesty Paws' pending motions to seal at Dkt. Nos. 209, 222 and 227 are **GRANTED** for substantially the reasons stated in the motions. The full unredacted version of the referenced letters in these motions has been filed under seal at Dkt. Nos. 210, 223 and 228.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 182, 183, 197, 198, 209, 222 and 227.

Dated: October 16, 2024
      New York, New York

                                        LORNA G. SCHOFIELD
                                    UNITED STATES DISTRICT JUDGE