# ALSTON & BIRD

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel: 404-881-7000 | Fax: 404-881-7777

**Jason D. Rosenberg**          Direct Dial: **404-881-7461**          Email: **jason.rosenberg@alston.com**

July 18, 2025

**VIA CM/ECF**

The Honorable Lorna G. Schofield
United States District Court
500 Pearl St.
New York, New York 10007

Application **GRANTED** for reasons stated in the letter.  The Clerk of Court is respectfully directed to keep Dkt. 299 under seal and close the motion at Dkt. 304.

Dated: July 21, 2025
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:    *Health and Happiness (H&H) US LLC v. Nutramax Laboratories, Inc. & Nutramax Laboratories Veterinary Sciences, Inc.* (Case No.: 1:23-cv-10849-LGS): Letter Motion to Seal Health and Happiness (H&H) US LLC's Opposition to Nutramax's Pre-Motion Letter Regarding Summary Judgment (Dkts. 298, 299)

Dear Judge Schofield:

On July 8, 2025 Health and Happiness (H&H) US LLC ("H&H") filed an Opposition to Nutramax's Pre-Motion Letter Regarding Summary Judgment (the "Opposition Letter") which quotes from and includes Nutramax's highly confidential business strategy documents (collectively, the "Internal Documents") (Dkts. 298 (redacted) and 299 (provisionally sealed)). H&H redacted the portions of the Opposition Letter concerning the Internal Documents in accordance with Section VI of the Joint Protective Order (Dkt. 80) and submitted a letter motion to seal those items (Dkt. 297). The Court denied that motion (Dkt. 302) without prejudice and directed Nutramax to submit its own motion. Nutramax hereby respectfully requests that the Court maintain the unredacted version of the Opposition Letter (Dkt. 299) under seal.

## I.    Legal Standard

Despite the common law presumption favoring public access to court records, such access is not absolute – and courts have discretion to deny access where appropriate. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978). Courts in this Circuit apply a three-part inquiry in determining whether to seal a document. First, the Court determines whether the document is a "judicial document"; next, it determines "the weight to be given the presumption of access" in light of the material's role "in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts"; and finally, it must "balance competing considerations against [the presumption of access]." *Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) & *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)) (internal quotations omitted).

Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information[.]" *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 Civ. 2003, 1998 WL 113976, at *3

(S.D.N.Y. Mar. 12, 1998) (collecting cases); *Std. Inv. Chtd., Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

## II.    Sealing Justification

The Internal Documents should remain under seal because the public's interest in accessing them fails to overcome Nutramax's interest in maintaining their confidentiality. Here, the Opposition Letter is a judicial document, and so the key inquiry should center on "balance[ing] the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *See In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch*, 435 F.3d at 119-20).

The weight of the presumption of public access for the Internal Documents is minimal. Despite H&H's assertions to the contrary, the Internal Documents are of little importance to this Court's exercise of its Article III powers. These same documents or similar documents were already considered by the Court at the preliminary injunction stage and were (1) allowed to remain under seal at that stage, and (2) were either discounted in the Court's preliminary injunction opinion (Dkt. 135) or considered unimportant enough not to merit specific mention.

Weighing against the presumption of public access here is Nutramax's significant interest in the privacy of the Internal Documents. When weighing public access against privacy interests, courts routinely seal internal sales data, competitive analysis, and business strategies. *See, e.g.*, *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 U.S. Dist. LEXIS 62974, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (quoting *Rensselaer Polytechnic Inst. v. Amazon.com, Inc.*, No. 1:18-cv-00549 (BKS/CFH), 2019 U.S. LEXIS 116674, 2019 WL 2918026, at *2 (N.D.N.Y. June 18, 2019) ("'Courts commonly find that documents that contain . . . confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.'"); *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) (same). Similarly, this district specifically recognizes that documents containing marketing strategies warrant confidential treatment. *See, e.g.*, *Playtex Prods., LLC v. Muchkin, Inc.*, No. 14-cv-1308 (RJS), 2016 U.S. Dist. LEXIS 42261, at *40 (S.D.N.Y. Mar. 29, 2016) (quoting *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011)) ("Courts in this district have determined that "material concerning the [party's] marketing strategies" is "highly proprietary material" that should remain under seal."). Here, each of the Internal Documents outlined below falls squarely into either category, with many sharing qualities of both. For example, NUTRAMAX_0000075, NUTRAMAX_0007277, NUTRAMAX_0004505, NUTRAMAX_0004507, and NUTRAMAX_0021313 all discuss confidential sales data, growth projections, and marketing initiatives. The Opposition Letter also quotes directly from NUTRAMAX_0008733 and NUTRAMAX_0020960, both of which are confidential internal documents discussing Nutramax's marketing strategy. Because courts routinely seal documents containing internal sales data or marketing strategies, the Court should maintain Dkt. 299 under seal.

The additional weight given to the privacy interests of privately held companies like Nutramax further underscores why the Court should grant the requested sealing. *See e.g.*, *Amodeo*, 71 F.3d

1044 at 1051 ("Financial records of a wholly owned business . . . will weigh more heavily against access than conduct affecting a substantial portion of the public."); *Broidy v. Global Risk Advisors LLC*, No. 19-cv-11861 (MKV) (JW), 2023 U.S. Dist. LEXIS 151536, at *11 (S.D.N.Y. Aug. 24, 2023) (noting that additional weight is given to the interests of a private company seeking to protect its confidential business information).

Considering the competitive disadvantage that Nutramax would face if the Internal Documents were revealed and the heightened weight given to private companies' privacy interests, Nutramax respectfully requests that this Court maintain the sealing of Dkt. 299.

A list of counsel who should be granted access to the sealed material is listed in Appendix 1.

Sincerely,

Jason D. Rosenberg

cc: All Counsel of Record (via CM/ECF)

3

**Appendix 1: List of Counsel Designated to Access
The "Opposition Letter"**

All counsel of record may have access to the Opposition Letter:

**Counsel for Counterclaim Plaintiffs Nutramax Laboratories, Inc. and Nutramax
Laboratories Veterinary Sciences, Inc.**

Jason D. Rosenberg
John E. Stephenson
Uly S. Gunn
Alan F. Pryor
Mary Grace Gallagher
Natalie C. Clayton
Elizabeth A. Buckel

**Counsel for Counterclaim Defendants Health and Happiness (H&H) US LLC & Health
and Happiness (H&H) US International Incorporated**

Steven N. Feldman
Matthew W. Walch
Michael E. Bern
Kevin M. Jakopchek
Carl Joseph Bacon