UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

HEALTH AND HAPPINESS (H&H) US LLC,                          23 Civ. 10849 (LGS) (GS)

      Plaintiff/Counterclaim Defendant,                        ORDER

           - against -

NUTRAMAX LABORATORIES, INC. and
NUTRAMAX LABORATORIES VETERINARY
SCIENCES, INC.,

      Defendants/Counterclaim Plaintiffs.

------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

      This Order addresses several outstanding matters on the docket related to a letter motion filed earlier this year seeking a discovery conference to compel the production of documents.

<u>Nutramax's Letter Motion Regarding Zesty Paws' Document Production</u>

      On January 14, 2025, Defendants/Counterclaim Plaintiffs Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. (together, "Nutramax") moved for a pre-motion discovery conference regarding their anticipated motion to compel Plaintiff/Counterclaim Defendant Health and Happiness (H&H) US LLC (f/k/a Zesty Paws LLC) ("Zesty Paws") to produce documents regarding its "#1 Claims." (Dkt. No. 241). On January 21, 2025, Nutramax moved to file a reply letter in support of its January 14 motion. (Dkt. No. 246). On January 27, 2025, Nutramax moved to extend the deadline to complete expert discovery in light of its motion to compel. (Dkt. No. 249). On January 31, 2025, Nutramax moved for leave to file additional evidence in support of its January 14 and January 27 motions. (Dkt. No. 251).

      The Court conducted the requested discovery conference on March 18, 2025, at which it addressed these issues. (*See* Dkt. No. 257). The Court heard argument from counsel for

Nutramax and Zesty Paws, and instructed the parties to further meet and confer regarding Nutramax's requested production of additional documents. (*See* Dkt. No. 264 at 30:13-22). As a result, the Court found Nutramax's request to extend the expert discovery deadline to be moot, without prejudice to renewal depending on what happened with the document production. (*Id*. at 44:14-24). Following the conference, Nutramax sent Zesty Paws a specific proposal for production of documents, the parties met and conferred, and Zesty Paws agreed to, and subsequently did, supplement its document production. (*See* Dkt. Nos. 275, 276 & 308 at 28:24–29:5).

Since the parties' dispute raised by Nutramax's January 14, 2025 letter has been resolved, the pending motions at Docket Nos. 241, 246, 249, and 251 are DENIED as moot.

Zesty Paws' Letter Motion to Seal

Prior to the resolution of this dispute, on January 17, 2025, Zesty Paws moved to file a redacted version of its letter in opposition to Nutramax's January 14 motion to compel. (*See* Dkt. Nos. 243 (letter motion to seal), 244 (unredacted version of opposition letter filed under seal), 245 (redacted version of opposition letter)). Zesty Paws sought sealing on the basis that its letter in opposition quoted from and disclosed information in documents produced by Nutramax designated as "Highly Confidential Information – Outside Attorneys' Eyes Only" pursuant to the Joint Protective Order in this case. (Dkt. No. 243). Nutramax subsequently filed its own letter urging that this information remain under seal and arguing that the redactions were justified under Second Circuit precedent. (Dkt. No. 263).

While redactions should be minimized, wherever possible, in light of the strong presumption of public access to judicial documents, "the presumption of public access in filings submitted in connection with discovery disputes … is generally somewhat lower than the

presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 47-50 (2d Cir. 2019); *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue" in adjudicating the matter, the "value of such information to those monitoring" the litigation, the "sensitivity of the information" and the potential "degree of injury" should the information be made public. *United States v. Amodeo*, 71 F.3d 1044, 1049, 1052 (2d Cir. 1995).

Based on the representations in Nutramax's letter, the Court finds that the redacted information contains sensitive competitive analysis of limited value to the public in monitoring this litigation, especially since, as Nutramax rightly emphasizes, Zesty Paws' letter is filed in the context of a discovery dispute. (*See* Dkt. No. 263). Accordingly, Zesty Paws' motion to seal is GRANTED.

The Clerk of Court is respectfully directed to close the motions pending at Docket Nos. 241, 243, 246, 249, and 251.

**SO ORDERED.**

Dated:     New York, New York
           September 9, 2025

_____
GARY STEIN
United States Magistrate Judge