Steven N. Feldman
Direct Dial: +1.212.906.1821
steve.feldman@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

**Defendant shall any response by October 10, 2025.**

October 8, 2025

Dated: October 9, 2025
New York, New York

**VIA CM/ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re: *Health and Happiness (H&H) US LLC v. Nutramax Laboratories, Inc.*, No. 1:23-cv-10849-LGS – Letter Motion for Adjournment of Pre-Summary Judgment Motion Conference

Dear Judge Schofield,

Health and Happiness (H&H) US LLC ("Zesty Paws") respectfully requests that the Court adjourn the October 14, 2025 Pre-Summary Judgment Motion Conference (the "Conference") until December 1, 2025 or any date thereafter and grant the parties leave to submit new or revised pre-summary judgment motion letters in advance of that Conference. Nutramax declined to join this request.[1]

Parties can seek modification of a scheduling order "for good cause and with the judge's consent." Fed. R. Civ. P 16(b)(4). Good cause exists to further adjourn the Conference based on notable recent developments and various still-pending issues, all of which may significantly bear on both parties' approach to summary judgment:

1) **Recent Second Circuit Decision.** In seeking leave to file a motion for summary judgment, Nutramax relied heavily on this Court's June 4, 2024 order granting Nutramax's request for a preliminary injunction (the "PI"). *See* Dkt. 294 at 1. Indeed, Nutramax devoted roughly half of its letter to arguing that it was entitled to summary judgment on the question of whether the #1 Claims were literally false. *See id.* at 1-2.

On October 3, 2025, the Second Circuit vacated the PI. Dkt. 333. In doing so, the majority opinion provided further guidance regarding the application of the literal falsity standard to the facts of this case, emphasizing that "[t]he strength (or lack

---

[1] Nutramax suggested to Zesty Paws that these developments can be accounted for in any briefing schedule set by the Court, but that would not provide the opportunity for new or amended pre-motion letters, and Zesty Paws submits that an adjournment would be the most beneficial course.

thereof) of the Nutramax brand is probative of whether a reasonable consumer could understand the #1 Claims to compare the Zesty Paws brand to only Nutramax's individual product brands, rather than to Nutramax itself." *Zesty Paws LLC v. Nutramax Labs., Inc.*, 2025 LX 425273, at *11 (2d Cir. Oct. 3, 2025). The majority also pointed to record evidence that could support the reasonableness of Zesty Paws' interpretation. *Id.* These findings seriously undermine the principal claim in Nutramax's pre-motion letter that "there is no genuine dispute that the #1 claims are literally false." Dkt. 294 at 1.

Moreover, the standards articulated by the Second Circuit support summary judgment *in favor of Zesty Paws* on literal falsity. *Zesty Paws*, 2025 LX 425273, at *10 ("[T]o ultimately succeed on [literal falsity], Nutramax must demonstrate that the #1 Claims are so unambiguous that a reasonable consumer could not share Zesty Paws's interpretation."). As one panel member concluded, "[t]here is no question that consumers could reasonably understand the #1 Claims to compare the Zesty Paws brand to competing product brands such as Dasuquin and Cosequin." *Id.* at *13 (Menashi, J., concurring in the judgment). That conclusion is only bolstered by the full discovery record. For example, even Nutramax's own (seriously flawed) survey indicated that roughly half of respondents did *not* understand Zesty Paws to be making a superiority claim vis-à-vis Nutramax.

Because the Second Circuit's decision necessarily impacts the availability of summary judgment in this case, and informs the legal analysis to be applied to that determination, it would be beneficial if the parties had an opportunity to account for that development in their pre-motion submissions. To that end, Zesty Paws respectfully requests that the Conference be rescheduled to allow the parties to submit new or revised pre-motion letters accounting for the Second Circuit's decision.

2) *Upcoming Mediation*. In the parties' related litigation in the Middle District of Florida, the parties recently jointly requested the Court set a mediation deadline of November 30, 2025. The parties are working to reach agreement on a mediator and mediation date. It may be beneficial for the parties to conduct mediation before engaging in resource intensive summary judgment proceedings.

3) *Remaining Discovery.* The parties continue to engage in expert discovery. Zesty Paws anticipates that final supplemental reports and expert depositions will be completed by December 2025. The completion of discovery may crystallize the issues on which summary judgment is or is not appropriate.

The Court has not yet set this matter for trial, and the requested adjournment will not impact any deadlines. The Conference has been continued 8 times previously in connection with the parties' previous requests and/or agreements to modify other aspects of the case schedule. Zesty Paws respectfully submits that good cause exists to do so again.

**LATHAM&WATKINS**LLP

                Respectfully submitted,

                */s/ Steven N. Feldman*
                Steven N. Feldman
                of LATHAM & WATKINS LLP


cc: All Counsel of Record (via CM/ECF)