UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                :
HEALTH AND HAPPINESS (H&H) US LLC,  :
             Plaintiff,  :
                :    23 Civ. 10849 (LGS) (GS)
       -against-        :
                :         **ORDER**
NUTRAMAX LABORATORIES, INC. et al.,  :
             Defendants.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on May 7, 2025, at Docket No. 286, Magistrate Judge Stein denied Defendants' motion to strike portions of the expert report prepared by Blake Inglish (the "Order") because Judge Stein found that even if Plaintiff had committed a disclosure violation, striking the disputed portions was not the appropriate sanction under *Softel, Inc. v. Dragon Medical and Scientific Communications, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997). The basis for Defendant's motion to strike was that Mr. Inglish had relied on conversations with three of Plaintiff's employees who had not been previously disclosed as persons likely to have discoverable information.

       WHEREAS, on May 21, 2025, at Docket No. 290, Defendants filed objections to the Order, arguing that it is clearly erroneous and should be overturned.

       WHEREAS, among Defendant's objections were that: (a) the Order improperly found that Plaintiff's explanation for its late disclosure was logical on its face and (b) the Order misapplied the *Softel* factors to conclude that allowing more depositions was a sufficient remedy.

       WHEREAS, neither objection points to a clear error in the Order. Judge Stein properly addressed Plaintiff's explanations for how the disclosure issue arose, recognizing that Mr. Inglish

routinely engaged in requesting up-to-date financial information and discussions with employees to obtain context, and it is common for experts to conduct such interviews and incorporate the information into their reports.  Judge Stein also properly applied the *Softel* factors in assessing whether striking the disputed portions was the appropriate sanction, including by crediting Plaintiff's proffered remedy of offering depositions of all three employees after Defendant objected to Mr. Inglish's report.  It is hereby

    **ORDERED** that, because the Order is not "clearly erroneous or . . . contrary to law," *see* Federal Rule of Civil Procedure 72(a), Defendants' objections are OVERRULED and the Order is AFFIRMED.

Dated: November 24, 2025
      New York, New York

                                            **LORNA G. SCHOFIELD**
                                    **UNITED STATES DISTRICT JUDGE**