UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X
                        :

HEALTH AND HAPPINESS (H&H) US LLC,

       Plaintiff/Counterclaim Defendant,

         - against -

NUTRAMAX LABORATORIES, INC. and
NUTRAMAX LABORATORIES
VETERINARY SCIENCES, INC.,

       Defendants/Counterclaim Plaintiffs.

-------------------------------------------------------------------------------X

23 Civ. 10849 (LGS) (GS)

<u>OPINION & ORDER</u>

**GARY STEIN, United States Magistrate Judge:**

This Order addresses three motions to seal filings related to the motion for discovery sanctions filed by Defendant/Counterclaim Plaintiffs Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. ("Nutramax") against Health and Happiness (H&H) US LLC ("Zesty Paws"). (*See* Dkt. Nos. 309, 319 and 336).

Nutramax filed its motion for discovery sanctions on August 19, 2025 (Dkt. No. 310), supported by a memorandum of law (311 (unredacted version of memorandum of law filed under seal), 312 (redacted version of memorandum of law)), along with declarations, with attached exhibits, from, *inter alia*, Jason D. Rosenberg (Dkt. Nos. 314 (redacted version of Declaration of Jason D. Rosenberg), 313 (unredacted version of Declaration of Jason D. Rosenberg filed under seal)) and Jeffery A. Stec, its damages expert (Dkt. Nos. 317 (redacted version of Declaration of Dr. Jeffery A. Stec), 316 (unredacted version of Declaration of Dr. Jeffery A. Stec

1

filed under seal)).  On that same day, Nutramax moved to maintain under seal the redacted portions of its memorandum of law and the Declarations of Jason D. Rosenberg and Jeffery A. Stec with attached exhibits.  (Dkt. No. 309; *see* Dkt. Nos. 311, 313, 316).

On September 16, 2025, Zesty Paws filed its memoranda of law in opposition to Nutramax's motion for discovery sanctions (Dkt. No. 329), supported by declarations from, *inter alia*, its attorney, Kevin Jakopchek, along with attached exhibits (Dkt. Nos. 325 (unredacted version of Declaration of Kevin Jakopchek filed under seal), 326 (redacted version of Declaration of Kevin Jakopchek)).  On that same day, Zesty Paws moved to maintain under seal the redacted portions of the Declaration of Kevin Jakopchek with attached exhibits.  (Dkt. No. 319; *see* Dkt. No. 325).

On October 8, 2025, Nutramax filed its reply memorandum of law along with a reply declaration from Jeffery A. Stec in further support of its motion for discovery sanctions.  (Dkt. Nos. 337 (unredacted version of reply memorandum of law filed under seal), 338 (redacted version of reply memorandum of law), 339 (unredacted version of Reply Declaration of Jeffery A. Stec filed under seal), 340 (redacted version of Reply Declaration of Jeffery A. Stec)).  On that same day, Nutramax moved to maintain under seal the redacted portions of the reply memorandum of law along with the Reply Declaration of Jeffery A. Stec.  (Dkt. No. 336).

"The Second Circuit has articulated a three-part test for determining whether the common law right of public access attaches." *Forbes IP (HK) Ltd. v. Media Bus.*

2

*Generators, S.A. de C.V.*, No. 23 Civ. 11168 (JGLC), 2024 WL 1743109, at *8 (S.D.N.Y. Apr. 23, 2024).  First, the court must determine whether the documents at issue are "judicial documents" to which a presumption of access attaches. *Lugosch*, 435 F.3d at 119.  Second, if the documents are judicial documents, the court must determine the weight of the presumption of access.  *Id.*  Third, the court must balance "competing considerations" against the weight of the presumption of access.  *Id.* at 120.

Filings related to motions for discovery sanctions are "quite plainly 'judicial documents' entitled to first amendment access."  *Herman v. City of New York*, 334 F.R.D. 377, 393 (E.D.N.Y. 2020).  However, they are non-dispositive motions and, as such, while such motions are still "entitled to a 'substantial' presumption of public access," this presumption is a "lesser one than that accorded dispositive motions." *Giuffre v. Maxwell*, 146 F.4th 165, 171 (2d Cir. 2025).

Nutramax's August 19 and October 8 motions explain that its requests to maintain sealing are limited to documents or deposition transcripts that Zesty Paws has identified as confidential material under Section III of the Joint Protective Order in this case (Dkt. 80), or the portions of the relevant filings which quote or disclose information from such documents.  (Dkt. Nos. 309, 336).  However, "the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access[.]"  *Delta Air Lines, Inc. v. Bombardier, Inc.*, 462 F. Supp. 3d 354, 359 (S.D.N.Y. 2020) (cleaned up).  "Material designated as Confidential by a protective order 'might not overcome

the presumption of public access once it becomes a judicial document.'" *Metcalf v. TransPerfect Translations Int'l, Inc.*, No. 19 Civ. 10104 (AJN) (KHP), 2022 WL 2116686, at \*1 (S.D.N.Y. June 13, 2022) (quoting *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 152, 155 (S.D.N.Y. 2015)).

Zesty Paws, which designated this material as confidential, has put forward no argument that the documents contain competitively sensitive information or that there is any other countervailing value that would overcome the presumption of access. Absent such a showing, the Court has no basis to grant the motion to seal these documents. Accordingly, Nutramax's motions to seal (Dkt. Nos. 309 & 336) are denied. This denial, however, is without prejudice to Zesty Paws' filing a properly supported motion to seal the documents. Zesty Paws shall, by no later than April 3, 2026, either file its motion to seal or submit a letter stating that it will not be seeking sealing of these documents. The relevant filings shall be maintained under seal pending the filing of Zesty Paws' motion or letter.[1]

Zesty Paws' motion seeks to maintain under seal six exhibits attached to the Declaration of Kevin Jakopchek in support of its opposition to Nutramax's motion for discovery sanctions. (Dkt. No. 319; *see* Dkt. No. 326 Exs. O, P, R, S, U, W). Zesty Paws represents that this request is limited to documents containing "sensitive, non-public information about Zesty Paws' business strategy and related data that Zesty Paws maintains as confidential." (Dkt. No. 319 at 2).

---

[1] The Court notes that certain of the sealed documents contain images of #1 Claims that appear to have been publicly disseminated. Any motion to seal filed by Zesty Paws must explain what the basis would be for sealing such information.

Despite the presumption of public access to the filings at issue, "courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009). "'[D]etailed financial information concerning a privately held business, not previously disclosed to the public, will in most cases warrant confidential treatment.'" *Forbes*, 2024 WL 1743109, at \*9 (quoting *Closed Joint Stock Co. "CTC Network" v. Actava TV, Inc.*, No. 15 Civ. 8681 (GBD) (BCM), 2016 WL 1364942, at \*4 (S.D.N.Y. Mar. 28, 2016)). "This is particularly true where revelation of 'specific business information and strategies . . . may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'" *Id*. (quoting *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 484, 511 (S.D.N.Y. 2015)).

All of the relevant exhibits which Zesty Paws moves to maintain under seal contain sensitive non-public business information of the kind which warrants sealing: Exhibit O is email correspondence between Zesty Paws and Amazon which contains, *inter alia*, strategic financial metrics; Exhibits P and R consist of financial performance metrics provided by Amazon and Target; Exhibit S is a marketing report for internal use which contains analyses of survey results; Ex. U is the Amended Rebuttal Report of Blake Inglish, Zesty Paws' expert witness, which is rife with sensitive financial data; and Exhibit W is the Amended Reply Report of Jeffery A. Stec, which contains sensitive financial information, and excerpts of which Nutramax filed under seal as an exhibit attached to the Declaration of Jason D.

5

Rosenberg (Dkt. No. 313-40).  As such, the Declaration of Kevin Jakopchek with these sealed exhibits (Dkt. No. 325) shall be maintained under seal.

Accordingly, Nutramax's motions to seal (Dkt. Nos. 309 & 336) are hereby **DENIED WITHOUT PREJUDICE**, and Zesty Paws' motion to seal (Dkt. No. 319) is hereby **GRANTED.**  The Clerk of Court is respectfully directed to close the motions pending at Docket Nos. 309, 319, 336.

**SO ORDERED.**

Dated:    New York, New York
          March 26, 2026

_____
GARY STEIN
United States Magistrate Judge

6