**Steven N. Feldman**

Direct Dial: 1.212.906.1821

steve.feldman@lw.com

1271 Avenue of the Americas

New York, New York  10020-1401

Tel: +1.212.906.1200  Fax: +1.212.751.4864

www.lw.com

# LATHAM&WATKINS LLP

| FIRM / AFFILIATE OFFICES | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

January 26, 2026

## MEMO ENDORSED

**VIA CM/ECF**

The Honorable Gary Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** *Health and Happiness (H&H) US LLC v. Nutramax Laboratories, Inc., et al.* **(Case No.: 1:23-cv-10849-LGS): Letter Motion to Seal Exhibit to Zesty Paws' Opposition to Nutramax's Request for Conference on Motion to Strike (Dkt. 357)**

Dear Magistrate Judge Stein:

Pursuant to Rule III.H. of this Court's Individual Practices in Civil Cases (the "Practices"), Section 6 of the Southern District of New York's Electronic Case Filing Rules & Instructions (the "Rules"), and Section VI of the Joint Protective Order (Dkt. 80; the "PO"), Health and Happiness (H&H) US LLC ("Zesty Paws") respectfully requests that the Court allow to be filed and maintained under seal Exhibit A to Zesty Paws' Opposition to Nutramax's Request for Conference on Motion to Strike (the "Opposition"). The Exhibit reflects sensitive, non-public financial information that Zesty Paws had previously designated under the PO as Highly Confidential Material – Outside Attorneys' Eyes Only. The Court has already noted that non-public financial data "may be redacted" from the public record and granted several orders to maintain such information under seal. *See, e.g.*, Dkt. 149; 172; 176.

## I.    LEGAL STANDARD

"[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978). While there is a common law presumption in favor of public access to judicial documents, that presumption "is not absolute." *See id*. at 598. "The court must balance competing considerations" against the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from disclosure certain information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Std. Inv. Chtd., Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district

LATHAM&WATKINS LLP

court's sealing on the grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

## II.    ARGUMENT

Exhibit A to Zesty Paws' Opposition reflects sensitive, non-public sales information that Zesty Paws maintains as confidential.

Accordingly, the requested relief is consistent with both the Court's prior orders and the case law in this District (and elsewhere) routinely finding that this type of confidential sales data—particularly for a privately held company—should be sealed. *See* Dkt. 149 (finding that "[n]on-public financial results may be redacted"); *see also Playtex Prods., LLC v. Muchkin, Inc.*, No. 14-cv-1308 (RJS), 2016 U.S. Dist. LEXIS 42261, at *40 (S.D.N.Y. Mar. 29, 2016) (holding that competitively harmful information related to "sales and revenue" should be sealed); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612-14 (S.D.N.Y. 1998) (finding that confidential business information should be sealed because it "provide[s] valuable insights into a company's current business practice"); *Kafati v. Kafati*, No. 22-CV-9906 (VSB), 2022 U.S. Dist. LEXIS 224497, at *4 (S.D.N.Y. Dec. 9, 2022) ("Limited sealing is also appropriate for confidential business information related to a privately held Company."); *Broidy v. Global Risk Advisors LLC*, No. 19-cv-11861 (MKV) (JW), 2023 U.S. Dist. LEXIS 151536, at *11 (S.D.N.Y. Aug. 24, 2023) (noting that additional weight is given to the interests of a private company seeking to protect its confidential business information from public disclosure).

For the foregoing reasons, Zesty Paws respectfully requests that the Court grant this sealing request. In accordance with the Practices, Rules, and PO, Zesty Paws is submitting an unsealed and unredacted version of Exhibit A to the Opposition, with access limited to the Court, Parties, and counsel identified in Appendix A.

Respectfully submitted,

*/s/ Steven N. Feldman*
Steven N. Feldman
of LATHAM & WATKINS LLP

cc:  All Counsel of Record (via ECF)

LATHAM&WATKINS LLP

## APPENDIX A

**Parties:**

Zesty Paws LLC
Nutramax Laboratories, Inc.
Nutramax Laboratories Veterinary Sciences, Inc.
Health and Happiness U.S. International Incorporated

**Attorneys:**

Steven N. Feldman
Matthew W. Walch
Michael Bern
Jason D. Rosenberg
Uly S. Gunn
Alan F. Pryor
Mary Grace Gallagher
Natalie C. Clayton
Elizabeth A. Buckel

Application GRANTED for the reasons stated in this letter. The Clerk of Court is respectfully directed to maintain Docket No. 361 under seal and close the motion at Docket No. 360.

Date:   April 1, 2026

Gary Stein
United States Magistate Judge
Southern District of New York