**Steven N. Feldman**
Direct Dial: 1.212.906.1821
steve.feldman@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

## LATHAM&WATKINS LLP

**MEMO ENDORSED**

April 3, 2026

| FIRM / AFFILIATE OFFICES | |
| --- | --- |
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

**VIA CM/ECF**

The Honorable Gary Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    ***Health and Happiness (H&H) US LLC v. Nutramax Laboratories, Inc., et al.*** **(Case No.: 1:23-cv-10849-LGS): Letter Motion to Seal Certain of Nutramax's Motion for Spoliation and Discovery Sanctions and Associated Exhibits**

Dear Magistrate Judge Stein:

Pursuant to Rule III.H. of this Court's Individual Practices in Civil Cases (the "Practices"), Section 6 of the Southern District of New York's Electronic Case Filing Rules & Instructions (the "Rules"), and Section VI of the Joint Protective Order (Dkt. 80; the "PO"), Health and Happiness (H&H) US LLC ("Zesty Paws") respectfully requests that the Court allow to be filed and maintained under seal certain of Nutramax's Motion for Spoliation and Discovery Sanctions and associated exhibits.

On March 26, 2026, the Court denied Nutramax's motions to seal (Dkts. 309 & 336) without prejudice, offering Zesty Paws the opportunity to file a motion to seal with respect to these documents. Upon further review of the materials, Zesty Paws does not seek to seal the following: Exhibits 6-7, 18, 22-23, 25-27, 32, and 34 to the Declaration of Jason D. Rosenberg (Dkt. 313) and Nutramax's Reply Brief in Support of its Motion for Spoliation and Discovery Sanctions (Dkt. 337).

Zesty Paws requests that the following records be maintained under seal (collectively, the "Sealed Material").

1) The proposed redactions on pages 14 and 22 of the Memorandum (Dkt. 311)

2) Exhibits 19-21, 28-29, 31, 35, 39-40, and 44-45 to the Declaration of Jason D. Rosenberg (Dkt. 313)

3) The proposed redactions in the Declaration of Dr. Jeffrey A. Stec in Support of Plaintiff Nutramax's Motion for Spoliation Sanctions (Dkt. 316)

**LATHAM&WATKINS**LLP

4)   The proposed redactions in the Reply Declaration of Dr. Jeffrey A. Stec (Dkt. 339)

The Sealed Material reflects Zesty Paws' sensitive, non-public financial or commercial information.  The Court has already noted that non-public financial data, for example, "may be redacted" from the public record and granted several orders to maintain similarly confidential information under seal.  *See, e.g.*, Dkt. 149; 172; 176.  Most recently, the Court granted Zesty Paws' request to file exhibits under seal in support of its Opposition to Nutramax's Motion for Spoliation and Discovery Sanctions (the "Opposition"), finding that the exhibits "contain sensitive non-public business information of the kind which warrants sealing."  Dkt. 365.  The same logic holds for the Sealed Material and Zesty Paws respectfully requests that the Court grant this Letter Motion to Seal.

## I.      LEGAL STANDARD

"[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."  *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978).  While there is a common law presumption in favor of public access to judicial documents, that presumption "is not absolute."  *See id*. at 598.  "The court must balance competing considerations" against the presumption of access.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).  Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from disclosure certain information that may harm a business's ability to compete in the future.  *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Std. Inv. Chtd., Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on the grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

## II.     ARGUMENT

The Sealed Material reflects sensitive, non-public information that Zesty Paws maintains as confidential; specifically, expert analyses, correspondence revealing financial analyses and commercial strategy, and survey results.  Indeed, the Sealed Material is nearly identical to the materials the Court permitted Zesty Paws to file under seal in support of its Opposition.  *See* Dkt. 365 (granting motion to seal email correspondence with financial metrics, analyses of survey results, and expert reports "rife with sensitive financial data").

Accordingly, the requested relief is consistent with both the Court's prior orders and the case law in this District (and elsewhere) routinely finding that this type of confidential data, particularly for a privately held company, may be maintained under seal.  *See* Dkt. 149 (finding that "[n]on-public financial results may be redacted"); *see also Playtex Prods., LLC v. Muchkin, Inc.*, No. 14-cv-1308 (RJS), 2016 U.S. Dist. LEXIS 42261, at *40 (S.D.N.Y. Mar. 29, 2016) (holding that competitively harmful information related to "sales and revenue" should be sealed); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612-14 (S.D.N.Y. 1998) (finding that confidential business information should be sealed because it "provide[s] valuable insights into a company's current business practice"); *Kafati v. Kafati*, No.

**LATHAM&WATKINS** LLP

22-CV-9906 (VSB), 2022 U.S. Dist. LEXIS 224497, at *4 (S.D.N.Y. Dec. 9, 2022) ("Limited sealing is also appropriate for confidential business information related to a privately held Company."); *Broidy v. Global Risk Advisors LLC*, No. 19-cv-11861 (MKV) (JW), 2023 U.S. Dist. LEXIS 151536, at *11 (S.D.N.Y. Aug. 24, 2023) (noting that additional weight is given to the interests of a private company seeking to protect its confidential business information from public disclosure).

For the foregoing reasons, Zesty Paws respectfully requests that the Court grant this sealing request.

Respectfully submitted,

*/s/ Steven N. Feldman*
Steven N. Feldman
of LATHAM & WATKINS LLP

cc:  All Counsel of Record (via ECF)

Application GRANTED for the reasons stated in this letter. Defendant/Counterclaim Plaintiffs Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. shall refile versions of the filings at Docket Nos. 311 and 313 with the redactions and sealing proposed in this letter. The Clerk of Court is respectfully directed to maintain under seal Docket Nos. 311, 313, 316  and 339, and to remove from seal Docket No. 337.  SO ORDERED.

Date:   April 10, 2026

Gary Stein
United States Magistate Judge
Southern District of New York

LATHAM&WATKINS LLP

## APPENDIX A

**Parties:**

Health and Happiness (H&H) US LLC
Nutramax Laboratories, Inc.
Nutramax Laboratories Veterinary Sciences, Inc.
Health and Happiness U.S. International Incorporated

**Attorneys:**

Steven N. Feldman
Matthew W. Walch
Michael Bern
Kevin M. Jakopchek
CJ Bacon
Jason D. Rosenberg
Uly S. Gunn
Alan F. Pryor
Mary Grace Gallagher
Natalie C. Clayton
Elizabeth A. Buckel